# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY YORI, | ) | |
| | ) | |
| Appellant, | ) | Case No. 1:18-cv-179 |
| v. | ) | |
| | ) | |
| MICHAEL A. RUIZ, *et al.* | ) | **United States District Judge** |
| | ) | **Susan Paradise Baxter** |
| Appellees. | ) | |

## MEMORANDUM OPINION

Appellant Tammy Yori ("Yori") filed this *pro se* appeal from unspecified order of the United States Bankruptcy Court for the Western District of Pennsylvania in the underlying bankruptcy case, *In re Ruiz,* No. 12-11687-JAD. As best this Court can discern, Yori appears to be appealing the Bankruptcy Court's Orders: (1) approving the Chapter 13 Trustee's Motion for Discharge of Debtor and Approval of Trustee's Report of Receipts and Disbursements (Bankr. Doc. 305), (2) entering a discharge of the Debtor, Michael A. Ruiz ("Ruiz") (Bankr. Doc. 306), and entering a final decree in the underlying bankruptcy case, No. 12-11687 (Bankr. Doc. 314). For the following reasons, the court will dismiss this appeal for failure to prosecute.

## I.    BACKGROUND

### A. The Bankruptcy Court Proceedings

A review of the underlying record reveals that Plaintiff is the aggrieved former spouse of Ruiz. She appeared in the underlying bankruptcy case in the apparent capacity of a putative creditor.

As summarized in the May 16, 2018 opinion of U.S. Bankruptcy Judge Jeffry Deller, ECF No. 1-2 (Bankr. Doc. 319), "Ms. Yori's arguments before the Court, and replicated in her

1

court filings, complain bitterly about the loss of her marital residence, her marriage, and the various courts that have addressed these issues." *Id.* at 2-3. Relevantly for present purposes, Yori filed an objection to the Chapter 13 Trustee's Motion for Discharge of Debtor and Approval of Trustees Report of Receipts and Disbursements and also appeared at a hearing before the Bankruptcy Court on April 3, 2018, concerning the Trustee's motion. *Id.* at 11-12. At no time, according to Judge Deller, did Yori dispute the Trustee's accounting or proposed distribution, "except to (1) contest discharge of her former spouse, and (2) contend that she held some sort of allowed claim entitled to a distribution that was not provided in the Trustee's report of receipts and disbursements." *Id.* at 12. Judge Deller found both points to be "misplaced." *Id.*

> As to Ms. Yori's challenge to the discharge, the record reflects that the deadline for filing a complaint asserting objections to discharge passed on May 13, 2013 (see ECF no. 19).
>
> As to Ms. Yori's request for payment, the record reflects that she was granted relief form [sic] the stay to pursue domestic relations claims against the Debtor in state court, which court ultimately denied her claims. See ECF Nos. 292-2 and 292-3 (which are reproduced and attached hereto for convenience at Exhibit "C").

*Id.* Judge Deller further noted that Yori filed a Proof of Claim in the Bankruptcy Court, which was disallowed. *Id.* (citing Bankr. Doc. No. 234, attached to Judge Deller's opinion at "Exhibit A"). "As a result," Judge Deller concluded, "the record supports a finding that no payment is due Ms. Yori and the Chapter 13 Trustee's proposed final report and account providing for no distribution to Yori was appropriate." *Id.*

B. The Proceedings on Appeal

In the case before this Court, the record shows that Yori's appeal was docketed on June 18, 2018 and assigned to U.S. District Judge Arthur J. Schwab. ECF No. 1. Pursuant to Federal

Rule of Bankruptcy Procedure 8018, Yori's brief in support of her appeal was due to be filed on July 18, 2018.

Instead of filing her brief on that date, she filed a document styled "Motion of Specific Order from Honorable Arthur J. Schwab on How to Proceed and Con[s]ideration to Modify the Above Case to Full Bankruptcy Docket, to Add Parties, Service to Parties Appellees." ECF No. 2. In a Memorandum Order dated July 20, 2018, Judge Schwab observed that Yori's motion

> sets forth a laundry list of requests: (1) that the Court grant IFP status based upon prior cases, which the Court will not do and is unnecessary given that there is no filing fee applicable in this action; (2) that the Court give her "specific instructions" and dates on how to proceed, which is unnecessary given the instructions set forth in Doc. 1; (3) that the Court consider her prior case(s) against Dr. Ruiz, which is akin to some kind of request for re-litigation of prior cases which is, of course, inappropriate here; (4) that the Court add parties from prior lawsuits not related to the Bankruptcy Appeal at issue, and therefore is improper; (5) that the Court add malpractice claims against prior lawyers in her divorce proceedings with Dr. Ruiz which is, again, improper in this Bankruptcy Appeal.

ECF No. 3. Based on the foregoing reasoning, Judge Schwab denied the relief requested in Yori's motion but nevertheless granted her an extension of time until July 30, 2018 for purposes of filing her appellate brief. *See id.* at 2. In so doing, Judge Schwab specifically cautioned Yori that no further extensions of time would be permitted. *Id.*

Rather than file her brief in compliance with Judge Schwab's order, Yori filed an appeal to the U.S. Court of Appeals for the Third Circuit. ECF No. 4. Yori then filed a motion for leave to proceed on appeal *in forma pauperis*. ECF No. 6.

In a Memorandum Order entered on August 21, 2018, Judge Schwab certified that Yori's appeal was not taken in good faith and denied her motion for leave to proceed *in forma pauperis*. ECF No. 7. *See* 28 U.S.C. §1915. That same day, Judge Schwab issued an order for Yori to show cause why the instant appeal should not be dismissed for failure to prosecute. ECF No. 8.

On September 4, 2018, Yori filed a document styled as "Response to Show Cause as well

3

as Response to Memorandum Order Dated August 21st, 2018 and Request for Your Honor to Reques [sic] Himself from the Case for Biased and Predjustice [sic] to Appellant Tammy Yori." ECF No. 9. In addition to asking for Judge Schwab's recusal, Yori disputed that she was acting in bad faith and requested that Judge Schwab "move [her] case to where [she] may get a fair trial . . . ." *Id.* at 2.

On September 18, 2018, this case was transferred to the undersigned. Thereafter, the United States Court of Appeals for the Third Circuit dismissed Yori's appeal of Judge Schwab's July 20, 2018 ruling for lack of appellate jurisdiction. ECF No. 12.

Finally, on December 12, 2018, Yori submitted another motion requesting a hearing in front of this Court. ECF No. 13. Along with that filing, Yori submitted audio recordings of the hearing that Judge Deller had held on April 3, 2018 relative to Yori's objection to the Chapter 13 Trustee's Motion for Discharge of Debtor and Approval of Trustee's Report of Receipts and Disbursements. To date, Yori still has not submitted any document that either purports to be, or can be liberally construed as, an appellate brief that conforms with the requirements of Federal Rules of Bankruptcy Procedure.

## II. DISCUSSION

Pursuant to Title 28 of the United States Code, Section 158(a), "[t]he district courts of the United States shall have jurisdiction to hear appeals" from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). As is outlined in the Federal Rules of Bankruptcy Procedure, within 14 days after the appellant's notice of appeal becomes effective, the appellant must file with the bankruptcy clerk, and serve upon the appellee, a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1). Within 30 days after notice is docketed that the record has been transmitted or is

available electronically, the appellant must file and serve her initial brief. Fed. R. Bankr. P. 8018(a)(1). Pursuant to Rule 8014, the appellant's brief must contain, among other things, a table of contents, a table of authorities, a jurisdictional statement, a statement of the issues presented (along with the applicable standard of appellate review), a concise statement of the case, a summary of the argument, and a more detailed argument, "which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. Bank. P. 8014(a)(8). If the appellant fails to file a brief on time or within an extended time authorized by the district court, the appellee may move to dismiss the appeal -- or the district court, after notice, may dismiss the appeal on its own motion. Fed. R. Bankr. P. 8018(a)(4).

In this case, the Court has examined the entirety of the record received from the Bankruptcy Court, as well as every filing submitted to date in this Court. In addition, the Court has listened to the audio recordings of Judge Deller's April 3, 2018 hearing in their entirety.[1] Having construed all of the foregoing submissions liberally,[2] the Court finds that Yori has failed to comply with the requirements of the Federal Rules of Bankruptcy Procedure outlined above.

When determining whether to dismiss an appeal from the Bankruptcy Court for failure to prosecute, the District Court is required to consider and balance the six factors set forth in *Poulis*

---

[1] The Court notes that the hearing was comprised of three audio files.

[2] Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991).

*v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 47–49 (3d Cir. 2015). These factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir.2002) (citing *Poulis*, 747 F.2d at 868).

With regard to the first *Poulis* factor, the Court notes that Yori is proceeding *pro se.* Consequently, she is personally responsible for her failure to timely file an appellate brief.

With regard to the second factor, the Court notes that this appeal was filed on June 18, 2018. As a result of Yori's failure to timely file her brief, and her premature appeal of Judge Schwab's interlocutory July 20, 2018 Order, this appeal has now been pending for more than six months, yet it still is not properly postured for a disposition on the merits. Appellees Ruiz and Winnecourt have been prejudiced to the extent that this delay has deprived them of a final, merits-based resolution of Yori's appeal.

With regard to the third *Poulis* factor, the Court notes that Yori's appellate brief was originally due on July 18, 2018. Yori failed to timely file her brief in accordance with the applicable deadline, and when given a further opportunity to file a brief by Judge Schwab's Order of July 20, 2018, she failed to comply with that extended deadline as well, choosing instead to take a premature appeal that the U.S. Court of Appeals for the Third Circuit had no jurisdiction to consider. Yori's latest filing requests a hearing in order that she might rehash, in

this venue, issues that were previously litigated by her in state court. By these actions, Yori has demonstrated a history of dilatoriness.

The fourth *Poulis* factor requires the Court to consider whether Yori's actions were willful or undertaken in bad faith. Here, it is worth noting that Yori appears to be an experienced litigant. *See* ECF No. 3 at p. 1. Notwithstanding this fact, she missed her extended deadline for filing an appellate brief even after having been expressly advised by Judge Schwab that no further extension of time would be granted beyond the July 30, 2018 deadline. The Court also notes that Yori's motion for "special orders," filed on July 18, 2018, requested relief which Judge Schwab found to be patently inappropriate. ECF No. 3. When Yori subsequently moved for leave to proceed on appeal *in forma pauperis* after appealing the Court's July 20, 2018 Order, Judge Schwab certified that the appeal was taken in bad faith. At this juncture, the Court is compelled to conclude that Yori's actions are not merely accidental or inadvertent but instead reflect an intentional disregard for this bankruptcy appeal and the Court's instructions.

With regard to the fifth *Poulis* factor, the Court notes that Yori is a person of limited means, having previously sought leave to proceed on appeal *in forma pauperis*. Accordingly, the Court concludes that monetary sanctions will not be an effective alternative to dismissal. To date, Yori has filed nothing resembling a proper appellate brief, without which this Court is unable to properly decide the merits of the pending appeal. The Court concludes that dismissal alone is the appropriate sanction.

Finally, as to the sixth *Poulis* factor, the Court notes that, while the record before it is limited, nothing in Yori's various submissions suggests that there is merit to her appeal. Nowhere in her various submissions does Yori squarely identify, much less address, the specific bankruptcy issues that she is appealing, nor does she identify the standard of review that should

be applied, the parts of the record that support her position, or the aspects of bankruptcy law that justify disturbing the Bankruptcy Court's rulings. In her response to Judge Schwab's "show cause" order, Yori makes a request that Judge Schwab recuse himself from this appeal. That request is now moot, since Judge Schwab is no longer presiding over this case; however, even if the request were not moot, it would be inappropriate inasmuch as Yori's request for recusal is based solely on the fact that Judge Schwab rendered certain adverse rulings with which Yori disagrees. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal"). Yori also requests that the Court move her case to a different venue "where [she] may get a fair trial . . . ," ECF No. 9 at 2, but because the instant matter involves the putative appeal of bankruptcy orders as to which no right to a jury trial exists, the request for a change of venue is inapposite.

In her most recent filing, Yori seeks an order compelling Ruiz to pay for treatment that Yori received, or plans to receive, for abuse of sleep medication that Ruiz allegedly prescribed. ECF No. 13 at 6. Yori further requests that this Court "consolidate and bring back every case filed in this court since the start of [her] divorce of 12-23-2009 . . ." *Id.* As is spelled out in the Bankruptcy Court audio files and Judge Deller's May 16, 2018 opinion, Yori was previously granted a reprieve from the automatic stay in the underlying bankruptcy case so that she could pursue her various domestic claims against Ruiz in state court. To the extent Yori is attempting to utilize this bankruptcy appeal as a means to relitigate other civil, domestic, or criminal matters, the tactic is obviously inappropriate, and Yori's request for a hearing and/or change of venue is misplaced for that reason as well. The remainder of Yori's filings are replete with disturbing accusations of mistreatment the hands of her ex-husband as well as allegations of

8

wrongdoing by various other individuals involved in her sundry legal proceedings, both criminal and civil. Although the Court is sympathetic to Yori's struggles, this forum simply is not the proper venue for redress of her domestic grievances. In short, the Court finds nothing in Yori's submissions to suggest that there is merit to her appeal.

### III. CONCLUSION

On balance, the Court finds that the various *Poulis* factors weigh in favor of dismissal in this case. Accordingly, this bankruptcy appeal will be dismissed, with prejudice, for failure to prosecute.

An appropriate order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

Date: December 31, 2018